[No. 20328.  Department Two.  December 17, 1926.]

Samuel Osmundson, *Appellant,* v. Frank E. Hammond
*et al., Respondents.*[1]

[1] Parties (46)—Change of Parties—Persons Entitled to be Substituted.  Where, pending an action by a husband and wife to obtain possession of a note and mortgage, a divorce was granted to the wife, and by a separation agreement she acquired title to the note and mortgage in lieu of alimony, she is entitled to change her position in the action from plaintiff to defendant, upon showing that her interest in the note and mortgage is adverse to that of her husband and that she had composed her dispute with the defendant in the action.

[2] Bills and Notes (7)—Consideration.  There was no failure of consideration for a note and mortgage given for the benefit of the wife in anticipation of a separation and in lieu of alimony where it was followed by continuous pending litigation resulting in a decree of divorce in a second suit, in which a final decree was entered as anticipated, relieving the husband of all marital obligations.

Appeal from a judgment of the superior court for King county, Moriarty, J., entered April 3, 1926, upon findings in favor of the defendants in an action for equitable relief.  Affirmed.

*H. E. Foster,* for appellant.

*Tucker, Hyland & Elvidge,* and *Mary H. Alvord,* for respondents.

Parker, J.—This action, as originally commenced in the superior court for King county, was by Samuel Osmundson and Lydia Osmundson, his then wife, as plaintiffs, against Frank E. Hammond, as defendant. Before it came to trial upon the merits, Mrs. Osmundson obtained a decree of divorce from Osmundson, and thereafter, upon her request, she was permitted to become a defendant in the action with Hammond; so

[1]Reported in 251 Pac. 580.

that, before trial, it became a controversy between Osmundson as plaintiff against Hammond and Mrs. Osmundson as defendants, they making no claims against each other.

Osmundson seeks to have Hammond decreed to surrender and cancel a promissory note for one thousand five hundred dollars, signed by both Mr. and Mrs. Osmundson, in terms made payable to Hammond; and also to have Hammond ordered to release a mortgage upon a farm in Oregon, executed by Osmundson and Mrs. Osmundson to Hammond to secure the note. Hammond claims to hold the note and mortgage in trust for Mrs. Osmundson, claiming for himself only a lien thereon for attorney fees. A trial upon the merits resulted in a decree denying to Osmundson the relief prayed for by him, and decreeing the note and mortgage a valid mortgage lien upon the Oregon farm in favor of Hammond in trust for Mrs. Osmundson. From this disposition of the case by the superior court, Osmundson has appealed to this court.

The Osmundsons were married on December 10, 1915. There have been no children as the fruit of their marriage.    On January 29, 1923, Mrs. Osmundson commenced in the superior court for King county an action seeking a divorce from Osmundson, Hammond being her attorney in that action. At that time Osmundson owned a farm in Oregon, and they both seemingly owned some property in this state as their community property.    On March 31, 1923, they, both being convinced that she would be awarded a divorce in that action, made an agreement with reference to their respective property rights, more particularly as to an allowance to her in lieu of suit money and alimony; she agreeing to release all claim against him and his property, in consideration of which a note for the sum of

one thousand five hundred dollars was signed by both of them and made. payable to Hammond, and a mortgage was executed by both of them upon the Oregon farm to Hammond to secure the note. There is considerable controversy as to why the note and mortgage ran to Hammond, but the evidence, we think, shows clearly that they were so made with a view of Hammond's holding them in trust for Mrs. Osmundson, and to secure his attorney's fees as against her.

On April 12, 1923, that divorce action being heard upon the merits, an interlocutory decree of divorce was rendered in favor of Mrs. Osmundson, in which decree she was awarded "$1,500 as permanent alimony in lieu of all right, title and interest she may have in and to any real estate or other property belonging to said plaintiff." Osmundson was therein further decreed to be the sole and absolute owner of the Oregon farm, free from any claim on the part of Mrs. Osmundson. This property and alimony decree was evidently made in compliance with the settlement agreement. Their other small amount of property in the state of Washington was not mentioned in the decree. Apparently, there was no controversy between them as to that, calling for any decision of the court with reference thereto.

On October 29, 1923, the statutory six months' period for the entry of a final decree of divorce in that action having expired, Hammond, as attorney for Mrs. Osmundson, moved for the entry of a final decree. Osmundson resisted the entry of a final decree, upon the ground that he and Mrs. Osmundson had, since the rendering of the interlocutory decree, effected a reconciliation. Some controversy arose over this alleged change in conditions following the entry of the interlocutory decree, which, we think, need not be further

noticed here, other than to note that no final decree was ever entered in that action, nor was Mrs. Osmundson's right to a final decree ever determined therein, nor was it ever dismissed.

On January 12, 1924, this action was commenced in the name of Mr. and Mrs. Osmundson as plaintiffs against Hammond as defendant, praying for the surrender and cancellation of the one thousand five hundred dollar note and mortgage, as already noticed. Whether or not the Osmundsons ever effected a real reconciliation, and whether or not Mrs. Osmundson knowingly, voluntarily became a party plaintiff in this action, is doubtful. The opinion of the trial judge seems to be in the negative touching these questions.

On September 8, 1924, Mrs. Osmundson commenced in the superior court for King county a new action for divorce upon substantially the same grounds, that is, cruelty and non-support, as alleged by her as grounds for divorce in the former divorce action. On December 23, 1924, an interlocutory decree was entered in her favor in this second divorce action, which decree is silent as to any property or alimony award. On June 26, 1925, the statutory time for the awarding of a final decree in this second divorce action having expired, such final decree was entered accordingly in favor of Mrs. Osmundson, which decree is also silent as to any property or alimony award.

In the meantime, this action against Hammond remained pending and undetermined. Thereafter, Mrs. Osmundson, deeming her interest in the one thousand five hundred dollar note and mortgage adverse to that of Osmundson, asked for and was granted permission to change from being a plaintiff in this action to being a defendant therein; she joining Hammond in resisting the claim of Osmundson, and agreeing with Hammond

that there should be no controversy between them as to their respective interests in the note and mortgage. This case came to trial and final decree was rendered therein in favor of Hammond and Mrs. Osmundson, and denying any relief to Osmundson, on April 3, 1926, from which decree this appeal is prosecuted by Osmundson.

[1] It is first contended, in behalf of Osmundson, that the trial court erred to his prejudice in permitting Mrs. Osmundson to change from the position of plaintiff to that of defendant in the action. It could well be argued that she had that right, because of the failure of the claimed reconciliation and her not knowingly, voluntarily becoming a plaintiff in the action. However, that may be, she, in any event, had the right, after the entry of the final decree of divorce in the second divorce action, to then become a defendant and make claim to the note and mortgage adverse to the claim of Osmundson. We conclude, therefore, that the trial court did not err in this respect.

[2] The principal contention, here made upon the merits in behalf of Osmundson, seems to be that because, as he claims, there was effected a reconciliation after the entry of the interlocutory decree in the first divorce action, and that action was abandoned, though not dismissed, the consideration for the note and mortgage failed. The note and mortgage were given for the benefit of Mrs. Osmundson in anticipation of their separation by divorce, in satisfaction of all claims she might have against Osmundson for alimony and suit money by virtue of their marriage relation. This was followed by continuously pending litigation culminating in a final decree of divorce in her favor, based upon substantially the same grounds upon which she sought divorce in the first divorce action; which final decree

imposed no further burdens whatever upon Osmundson. It seems plain to us that the consideration for the note and mortgage has not failed, but has now become fully effectual. Mrs. Osmundson has acquired this one thousand five hundred dollar debt obligation as against Osmundson, and he has been relieved of all obligations resting upon him to her by virtue of their marriage relation. Clearly, we think, a court of equity should not now interfere to deprive her of her rights as evidenced by this note and mortgage held in trust by Hammond.

Some contention is made in behalf of Osmundson directed against Hammond's claim of lien upon the note and mortgage. This, to our minds, is no concern of Osmundson's, but is a matter wholly between Mrs. Osmundson and Hammond. It is Mrs. Osmundson that owes Hammond attorney's fees, if any be yet due him. Whether or not she will be obligated to pay him out of the proceeds of the note and mortgage is not a matter that concerns Osmundson, or can in the least affect his rights. Mrs. Osmundson and Hammond are not presenting here any controversy between themselves as to Hammond's lien upon the note and mortgage.

The decree is affirmed.

TOLMAN, C. J., BRIDGES, MACKINTOSH, and ASKREN, JJ., concur.